IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marhaygue, LLC, ) | Civil Action No.: 2:12-cv-00322-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Wolfpac Technologies, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Before the Court is Plaintiff's motion for an ex parte temporary restraining order ("TRO") arising out of a patent infringement claim. (Dkt. No. 5). Plaintiff seeks to enjoin Defendant from making, using, selling or offering for sale column wrap products. Pursuant to the provisions of 28 U.S.C. § 636 and Local Rule 73.02(C)(7), D.S.C., this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on February 6, 2012 recommending that Plaintiff's motion for a TRO be denied. (Dkt. No. 10). Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 12). The Court directed that Plaintiff serve Defendant with the motion for a TRO, R & R and Plaintiff's objections and that Plaintiff file proof of service with the Court. (Dkt. Nos. 11 and 13). Defendant thereafter filed a response in opposition to the motion for a TRO. (Dkt. No. 17). Plaintiff has filed a reply. (Dkt. No. 26). After a careful review of the record before the Court and the applicable legal standards, the Court adopts the Report and Recommendation of the Magistrate Judge and denies Plaintiff's motion for a TRO.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final decision remains with the

1

Court. *Matthews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff alleges willful and intentional patent infringement under 35 U.S.C. § 271 et. seq. The patent at issue is U.S. Patent No. 7,997,044 (hereafter the "'044 Patent"), which was assigned to Plaintiff on August 16, 2011 and directed to an *Enclosure and Method for Making an Enclosure*. Plaintiff alleges that Defendant's product under the trademark VERSAWRAP closely resembles its Column Wrap product and infringes at least Claims 17 and 19 of the '044 Patent. Plaintiff alleges that the development of Defendant's product was not innocent, its activities have already resulted in the loss of Plaintiff's best customer and Plaintiff is unable to compete with Defendant's lower prices. Plaintiff filed this motion for a TRO in light of Defendant's plans to exhibit its product at a trade show on February 8, 2012.

As Defendant has received notice of the motion since the issuance of the R & R, the Court now views Plaintiff's motion as a motion for preliminary injunction. The U.S. Supreme Court set forth the standards for a preliminary injunction in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), where the Court held that Plaintiff must establish that he is likely to succeed on the merits, that he will suffer irreparable harm if the preliminary injunction is not granted, that the balance of the equities favors him, and that the preliminary injunction is in the public interest. *Winter*, 555 U.S. at 20. In *Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342 (4th Cir. 2009), the Fourth Circuit, *inter alia*, highlighted the importance of demonstrating irreparable harm, noting that *Winter* "requires that the plaintiff make a clear showing that it is likely to be irreparably harmed absent preliminary relief" as

2

opposed to the "possibility of irreparable injury" standard that was explicitly rejected by *Winter*. *Id.* at 347. As to the adequacy of money damages, the Federal Circuit has reasoned that "there is no presumption that money damages will be inadequate in connection with a motion for an injunction pendente lite. Some evidence and reasoned analysis for that inadequacy should be proffered." *Nutrition 21 v. U.S.*, 930 F.2d 867, 871-72 (Fed Cir. 1991).

Plaintiff alleges that it has suffered irreparable harm – specifically that it has lost its most important column wrap account, cut back its labor force by 70%, endured price erosion and loss of goodwill, market share, and the exclusive right to a diligently commercialized and patented product and significant layoffs. (Dkt. No. 5-1 at 12-16). The Magistrate Judge concluded that Plaintiff is unable to demonstrate that a TRO, now viewed as a preliminary injunction, is necessary to prevent *future* irreparable harm to Plaintiff and that a TRO is not an appropriate vehicle for attempting to correct past harm.

Plaintiff's evidence demonstrates that Plaintiff's sales, which varied considerably, began to decrease prior to July 2011. (Dkt. No. 5-2 at 31). In Plaintiff's objections, Plaintiff argues that it did not begin its investigation of Defendant's product until after July 2011, as it was not armed with its patent rights until after August 16, 2011. (Dkt. No. 12 at 3). Plaintiff argues that the Court should consider the time that it takes to investigate potential infringement claims and to assess the extent of irreparable harm. (Dkt. No. 12 at 4). Plaintiff draws the Court's attention to *Bushnell, Inc. v. Brunton Co.*, 673 F.Supp.2d 1241 (D.Kan. 2009), where plaintiffs also delayed bringing their lawsuit and injunction motion for many months after they learned of defendants' potential infringement. *Bushnell* is distinguishable because "plaintiffs initially did not perceive defendants as a real threat." 673 F.Supp.2d at 1264. Moreover, plaintiffs communicated their concerns regarding possible infringement to defendants. *Id.* Plaintiff's sales

3

began decreasing sharply over the summer of 2011, which surely would have put Plaintiff on notice that Defendant was a real threat. Further, Plaintiff failed to place Defendant on notice of the '044 Patent, which issued in August 2011, until February 2, 2012. (Dkt. No. 17 at 15). Plaintiff has made a colorable showing of past, but not the likelihood of future, irreparable harm. *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Company*, 22 F.3d 546, 552 (4th Cir. 1994)("[W]hen the failure to grant preliminary relief creates the *possibility* of permanent loss of customers to a competitor or the loss of goodwill, the irreparable injury prong is satisfied.")(emphasis added).

Moreover, Plaintiff has failed to demonstrate how money damages would be an inadequate remedy. "Because the burden of proving irreparable harm is on MicroAire as the patentee seeking the preliminary injunction, so too does it fall on MicroAire 'to demonstrate that its potential losses cannot be compensated by monetary damages.'" *MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*, 726 F.Supp.2d 604, 635 (W.D. Va. 2010)(quoting *Automated Merchandising Sys., Inc. v. Crane Co.*, 357 Fed.Appx. 297, 301 (Fed. Cir. 2009)). Plaintiff argues that "evidence of irreparable harm abounds" and points to the loss of its biggest customer[1]. (Dkt. No. 12 at 5-6). Plaintiff asserts that loss of market share will continue, as consumer demand for the product is increasing; that Defendant has already set lower prices than Plaintiff; that other competitors will begin to purchase Defendant's product; that others in the marketplace will be encouraged to infringe Plaintiff's product; and that a potential contract was lost just last week. (Dkt. No. 12 at 7-8). In *Bushnell*, the district court relied on affidavits produced by plaintiff with testimony detailing the likelihood of future economic loss – including the danger of a price decrease and the threat of future lay-offs. *Bushnell*, 673 F.Supp.2d at 1262.

---

[1] Plaintiff confirms that no additional sales have been made to Atlantic Forest Products since October 2011. (Dkt. No. 26-1 at 1).

4

In this case, Plaintiff's sales have already dropped dramatically.[2] (Dkt. No. 5-2 at 31). Moreover, Plaintiff's assertion that its work force reduction occurred over a span of six to eight months does not change the fact that its work force has already been cut by 70%.[3] (Dkt. No. 12-1 at 3). Further, while Plaintiff learned that Defendant was preparing to engage in a "marketing blitz", Plaintiff has not demonstrated how Defendant's presence at the IBS would detract from Plaintiff's goodwill. (Dkt. No. 12-1 at 3). Indeed, Plaintiff argues that now that the IBS show is over, Defendant's "assertions of innovation have greatly impacted Plaintiff's reputation in the industry." (Dkt. No. 26 at 6). Yet, Plaintiff has not identified any specific examples of how Plaintiff's reputation can suffer further harm that is not compensable through money damages. The Court concludes that Plaintiff has not demonstrated how money damages would be inadequate through the evidence before the Court at this time. *Nutrition 21*, 930 F.2d at 871-72.

## Conclusion

Based upon the foregoing, the Court adopts the Report and Recommendation of the Magistrate Judge. Plaintiff's motion for a TRO/ preliminary injunction (Dkt. No. 5) is hereby **DENIED**.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

February 2/, 2012
Charleston, South Carolina

---

[2] Plaintiff argues that its profit margins have shrunk by 10% since January 2011 due to increased costs for materials. (Dkt. No. 26-1 at 1). Again, Plaintiff has not demonstrated how this loss could not be compensated through money damages.

[3] As part of its objections, Plaintiff presented an additional affidavit from Guerry E. Green, co-inventor of the invention claimed in the '044 Patent and founder and owner of Plaintiff. Mr. Green testified that he learned of Defendant's pricing only as of January 31, 2012 and only learned last week of the extent of Atlantic Forest Product's reduction of sales. (Dkt. No. 12-1 at 2). This does not alter the Magistrate Judge's conclusion that Plaintiff has suffered past irreparable harm but that Plaintiff has failed to demonstrate how it will suffer any additional irreparable harm that will not be compensable through money damages. (Dkt. No. 12-1 at 2).