IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Marhaygue, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cv-00322-RMG-JDA |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Wolfpac Technologies, Inc.; Atlantic Forest ) | |
| Products, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Defendants' motion to stay pending *inter partes* reexamination of the patent-in-suit. [Doc. 70.]

Presently pending before the District Judge is a Report and Recommendation ("Report") of the undersigned [Doc. 64], recommending Plaintiff's motion for preliminary injunction [Doc. 35] be granted, and Defendants' objections to the Report [Doc. 69]. Subsequent to the issuance of the Report, the United States Patent and Trademark Office ("PTO") issued a non-final rejection and ordered a reexamination of several claims in the patent-in-suit, U.S. Patent No. 7,997,044 ("the '044 Patent"), including claims 17 and 19, which are the claims Plaintiff alleges are infringed by Defendants. [Doc. 70-2.] The PTO's rejections are based on more developed arguments and several prior art references that were not presented to this Court in opposition to Plaintiff's motion for preliminary injunction. [*See id.*; *see also* Docs. 17, 44 (presenting opposition arguments to Plaintiff's motions for temporary restraining order and preliminary injunction).]

In light of the PTO's present rejection and consent to reexamination of claims 17 and 19, the claims at issue in this litigation, the Court concludes a stay of this litigation is

warranted. Whether to stay a case pending patent reexamination is within the discretion of the court. *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602–03 (Fed. Cir. 1985) (citing *Toro Co. v. L.R. Nelson Corp.*, 223 USPQ 636 (C.D. Ill. 1984); *In re Yamamoto*, 740 F.2d 1569, 222 USPQ 934 (Fed. Cir. 1984)). Here, a stay would allow the PTO to make a final determination regarding the validity of claims 17 and 19, which will directly affect consideration of both Plaintiff's motion for preliminary injunction and Defendant's objections. Thus, a stay is not only appropriate, but necessary.

In light of the stay, the parties are directed to advise the Court of the final determination of the reexamination proceedings within ten (10) days of any action by the PTO either finally rejecting, confirming, or finding patentable claims 17 and 19. At a minimum, the parties are directed to advise the Court of the status of the reexamination proceedings within four months of the date of this Order. Upon receiving a final determination by the PTO regarding the status of claims 17 and 19, the Court will then determine whether the presently pending Report should stand, such that the Report and objections are ripe for consideration by the District Court, or whether the Report should be amended.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 1, 2012
Greenville, South Carolina